Richardson, J.
delivered the opinion of the Court.
The words of the will, to wit, “ I want Ira H. Hardin to do my business as executor,” make him the executor very plainly, and not the trustee of the property. 2dly, The fact of the executor’s assent to the legacy, is well settled by the verdict; and 3dly, The legal effect of such assent to vest the legacy in the legatee, Nunn, and place it beyond the executor’s control, and also to render void the sale of the legacy made under an execution against the executor, after such assent, are the very points adjudged, unanimously, in the case of Alexander v. Williams, 2 Hill, 522. But to render the assent unexceptionable in this case, the executor kept more than enough to pay the testator’s debts, and could not recall his assent and divest the legatee. This disposes of the merits of the case. 4thly, therefore — Was Mrs. Lee a competent witness? Mrs. Lee was the residuary legatee, and to say the least, could not be interested to pass any part of the testator’s property to the plaintiff, but rather interested — if either way, to defeat the claim of the legatee, Nunn. Mrs. Lee was therefore a competent witness for the plaintiff, because she was either entirely disinterested, or she testified against her own interest. Lastly — As to the declarations, &c. of Ira H. Hardin, to prove his assent to the legacy, he was the executor, and of course the legal owner of the personal estate of his testator, Abner Lee. This is settled law, and fully recognized in the case first cited.
It follows, that his declarations, divesting himself of Maria, are his acts or acknowledgment that he had passed Maria to the plaintiff, and operate of course as his bill of sale, or rather act of divestiture and transfer of property by the legal owner. His declarations on that head were therefore competent evidence of the fact of his assent to the legacy.
The motion is therefore dismissed.
Evans, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion dismissed.